UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES WEST                                                                                    PLAINTIFF

V.                                                       CIVIL ACTION NO.1:05CV18-GHD-JAD

ALCORN SHERIFF DEPARTMENT, ET AL                                        DEFENDANTS

## REPORT AND RECOMMENDATION

On October 6, 2005, plaintiff, an inmate of the Alcorn County jail, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

West alleges that he exchanged words with an inmate trusty, resulting in the inmate trusty attempting to poke West's eye with the broomstick. This inmate threatened to heat grease to throw on West. He was stopped by jailer Betty Strickland from doing so, but shortly thereafter threw bleach on three inmates. West alleges that Strickland and Amy Ballard, another jailer were present at the attack, but did nothing to stop it.

West also names the Alcorn County Sheriff's Department, Jimmie Taylor, the sheriff and Tommy Hopkins, the jail administrator. He does not allege that the individual defendants were present or involved in the attack. In a § 1983 action the employers and supervisors cannot be held liable for the actions of prison employees under a respondeat superior theory of liability. *Monell v. Department of Social Services*, 436, U.S. 658, 98 S. Ct. 2018, 56 l. Ed. 611(1978).

Accordingly it is recommended that the Alcorn County Sheriff's Department, Jimmie Taylor and Tommy Hopkins be dismissed from this action with prejudice. Process is being issued upon Strickland and Ballard.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 12th day of October, 2005.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE