UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION


JAMES WEST                                                                                    PLAINTIFF

V.                                                          CIVIL ACTION NO.1:05CV18-GHD-JAD

ALCORN SHERIFF DEPARTMENT, ET AL                                            DEFENDANTS


<u>REPORT & RECOMMENDATION ON SUMMARY JUDGMENT</u>

The defendants' Amy Ballard and Betty Strickland have moved for summary judgment
(Doc. 40). West claims that Ballard and Strickland allowed or failed to prevent an attack against
him by a fellow inmate and failed to provide medical care. The plaintiff has failed to file a response
to the motion, but the court must consider his pleadings which are under oath. The court has also
reviewed the discovery attached to the defendants' response to a discovery motion.

It appears that John Jones a state inmate is a trusty at the jail. West complained to Jones that
Jones was making too much noise kicking a can down a catwalk. West asked Jones to pick it up so
as not to wake up the other inmates. Jones tried to poke West in the eye with a broomstick. Jones
left saying that he was going to get hot grease and throw it on West. He later returned, having
obtained the key to the tray hole, and threw bleach on West and other inmates. The two named
defendants were sitting talking when Jones walked past them, unlocked the tray hole, and threw the
bleach. It is unclear what injuries were sustained in which attack. The defendants claim that West
was hurt in the initial attack, but did not submit an affidavit or other evidence to support their
assertion. West's pleadings are not clear on this point.

It appears from the pleadings and the statements in the record that one or more of the defendants knew the following: 1) that Jones had threatened to poison the inmates the week before this episode and "This has been going on for a few weeks now;" 2) that there had been an altercation between West and Jones where Jones poked the broom at West; 3) that Jones had heated up grease threatening to throw it on the inmates the day of the incident. Strickland and Ballard were talking about five feet away, while Jones unlocked the tray hole and threw the bleach.

On this record, even with the heavy burden of proving deliberate indifference, the undersigned recommends that the motion for summary judgment be denied and the court exercise its discretion to allow the plaintiff's claims to proceed to trial. *See, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)* ("Neither do we suggest ... that the trial court may not deny summary judgment in a case where there is reason to believe that the better course would be to proceed to a full trial.").

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal

of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 28th day of February, 2006.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE