UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES WEST                                                                                              PLAINTIFF

V.                                                              CIVIL ACTION NO.1:05CV18-GHD-JAD

ALCORN SHERIFF DEPARTMENT, ET AL                                            DEFENDANTS

REPORT AND RECOMMENDATION

An evidentiary hearing was held in this § 1983 action on October 4, 2006. West complains of injury to his eye from an attack by inmate John Jones, a trusty at the Alcorn County Jail. The plaintiff, the jail administrator, Thomas Hopkins, and the two defendants, Betty Strickland and Amy Ballard testified. West was housed on a tier accessed by a catwalk. Early on the morning of December 30, 2004, around 6:00 a.m., Jones was sweeping. West took offense because he thought Jones was making too much noise doing his job. The two had words. According to West, Jones poked him in the eye with a broomstick. West retaliated by throwing water on Jones. West testified that Jones threatened to obtain hot grease from the kitchen and throw it on West and the other inmates.

Jones exited the catwalk and advised Strickland, who was working the 11-7 shift, about the incident. Jones reported that West had thrown water from a toilet on him. He was wet. Jones was apparently upset enough that Strickland decided it would be best to lock the catwalks, to let things cool down. She locked both ends of the catwalk. The idea was to keep Jones away from West. When Ballard reported to work, Strickland was briefing her about the status of the jail, including the incident between West and Jones. While the women were occupied with this briefing, Jones obtained some bleach from his cleaning supplies. He also obtained the keys to a tray hole from the

kitchen. He walked past the women, who took no notice of him, unlocked the tray hole, and threw bleach on West and other inmates.

After the second incident, Ballard contacted Poison Control for advice on treating the inmates. She was advised to let them wash out their eyes. She did so. West was put under a shower by another officer to rinse his eyes. She also contacted her boss, Hopkins. He told her to put Jones in lockdown until he got there and to make sure that the inmates were provided with medical attention as necessary. West, who had a cast on his arm at the time of the incident, was seen by a physician about the cast that day. The medical request form complains about his hand being bumped. West denies he filled out the form and claims that he complained about his eye to the physician, apparently an orthopedist, who saw him that day. He did not testify that the physician recommended any treatment of for his eye.

By talking to the inmates after the accident, Ballard was advised about the threat regarding the hot grease, but she and Strickland both testified that they had no knowledge of the threat until after the second incident. They had no knowledge of any other threats by Jones prior to this incident. West testified that he had never had any difficulty with Jones prior to these two incidents. He did not anticipate the initial attack, nor did he anticipate the second attack, notwithstanding the reported threat made by Jones. He said he had known Jones since he was little. He himself did not take Jones's threat seriously.

In order to state a claim for failure to provide protection from attack by another inmate there must be some allegation of conscious or callous indifference to the prisoner's rights. *Johnston v. Lucas*, 786 F.2d 1254, 1259 (5th Cir. 1986). Negligence or the lack of due care of the prison officials simply does not trigger the protections of the Due Process Clause. *Davidson v. Cannon*,

474 U.S. 344, 347-48 (1986) (citing *Daniels v. Williams*, 474 U.S. 327 (1986)). Also, an isolated attack by another inmate does not establish the absence of the protection that is afforded inmates. *See O'Neal v. Evans*, 496 F.Supp. 867 (D.C. Ga. 1980). While his complaint states a cause of action, the proof does not support the matters set forth in the complaint. If West did not appreciate any danger of attack and did not report any such danger to Strickland and Ballard, they cannot be guilty of callous indifference. The knowledge of hazard to West alleged in his complaint is inaccurate. Strickland took reasonable steps to prevent further trouble. With the benefit of hindsight, it appears that the tray hole key should probably not be kept in an unsecured location. With the benefit of hindsight, it no longer is kept in the kitchen. It is apparent that neither woman thought about the possibility of the tray hole being accessible and an avenue for assault. Reasonable people might well find that this failure to anticipate Jones' action was not negligent at all. It is certainly not callous or reckless indifference.

To succeed on a claim for denial of medical care the plaintiff must show that the defendant was has shown "deliberate indifference to a serious medical need." Estelle v. Gamble, 429 U.S. 97, 105-06 , 97 S. Ct. 285, 292, 50 L. Ed. 2d 251(1976). West's eyes were rinsed out and he was in fact seen by a medical doctor the day of the incident. He did not claim this doctor recommended treatment for the eye. West testified that he was still having trouble with his eyes, but claimed that he could not afford even the nominal charge to obtain medical care for his injury. there is therefore no medical evidence to corroborate his claims of significant injury. There is absolutely no proof that either of these women have had anything to do with him being denied any medical treatment. The proof shows neither deliberate indifference or that the claimed eye injury was significant enough to

3

constitute a serious medical need. To the contrary, it appears to be a *de minimus* injury for which compensatory damages are not allowable. *Sigler v. Hightower*, 112 F.3d 191(5th Cir. 1997)

The undersigned recommends that judgment be entered for the defendants in this action.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 5th day of October, 2006.

                                            /s/ JERRY A. DAVIS
                                            UNITED STATES MAGISTRATE JUDGE